WINIFRED LONERGAN, ADMINISTRATRIX AD PROSE-
QUENDUM OF THE ESTATE OF PATRICK LONERGAN,
DECEASED, PLAINTIFF-RESPONDENT, v. MEUTER
BROTHERS, INCORPORATED, DEFENDANT - APPEL-
LANT.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff-respondent, *Joseph H. Gaudielle* and *James A. Major*.

For the defendant-appellant, *Autenrieth, Gannon & Wortendyke* (*Reynier J. Wortendyke, Jr.*, of counsel).

PER CURIAM.

The appeal is by the defendant from a judgment entered in the Bergen County Court of Common Pleas upon a verdict against it and in favor of Winifred Lonergan, administratrix *ad prosequendum* of the estate of her husband, Patrick Lonergan.

The first two points presented on appellant's brief are, respectively, a refusal to nonsuit and a refusal to direct a verdict for the defendant.

While there was marked dispute in the testimony, it was open to the jury to find from the evidence: The defendant company, through its sales agent, Moriarity, had been nego-

tiating with one Milligan for the sale to the latter of a second-hand Chandler car, and in order to make a final demonstration Moriarity undertook to drive Mulligan and his friends, among whom was Lonergan, from Edgewater to New Milford and return. While Moriarity was waiting at defendant's garage for the hour of the appointment, Fred W. Meuter, president of the defendant corporation, sent the car out on another errand. Moriarity informed Meuter that Moriarity had made an appointment in Edgewater for the car, whereupon Meuter said: "Take the big Nash. Try and sell him that car." Moriarity complied and during the trip made au unsuccessful effort at a sale. On the return trip, after the party had stopped at two roadhouses and Moriarity had had several drinks of beer and whisky, and while Moriarity was at the wheel driving at a speed of between thirty-five and forty miles per hour in a residential neighborhood, the car left the road, hit a pole and was badly wrecked. Lonergan was injured in the accident and died, as a result, on the following day.

Supplementing the oral and documentary evidence were photographs of the wrecked car and the scene of the accident.

With the proofs in this shape we think that the trial court properly refused defendant's motions for nonsuit and direction of verdict.

The only other point argued in the appellant's brief is that the jury was confused by the court's reading, in its charge, of section 1 of article IX, of chapter 281 of the laws of 1928, commonly known as the Traffic act. The matter read by the court from section 1 was as follows:

"Any person who shall drive any vehicle upon the highway carelessly and heedlessly in willful or wanton disregard of the rights and safety of others, or without due caution or circumspection, or at a speed and in a manner so as to endanger or to be likely to endanger any person or property, shall be guilty of reckless driving."

We think there was nothing in that language to confuse the jury. The jury was distinctly told that there was no liability on the part of the defendants (Moriarity being one

of the defendants below) unless Moriarity was negligent and unless such negligence was the proximate cause of Lonergan's death. If Moriarity was guilty of reckless driving, as described in the quotation complained of, and if, further, Lonergan was injured and came to his death as the result thereof, there would be civil liability, not as a consequential outworking of the statute, but because such a state of facts constitutes actionable negligence. The jury was further instructed that the burden of proof was on the plaintiff. No harm came to the defendant from the language of the charge.

The judgment below will be affirmed.